SHAW, Justice
(dissenting).
I respectfully dissent. Glen Campbell, general manager for HTI Hydraulic Technologies, LLC (“HTI”), asked the CNH *1216 America, LLC (“CNH”), employees if “HTI [was] still going to be [CNH’s] supplier going forward” and if CNH was “continuing to stay with [HTI].”[6] The issue is whether the responses where “accurate” and “truthful.” Freightliner, L.L.C. v. Whatley Contract Carriers, L.L.C., 932 So.2d 883, 895 (Ala.2005). The main opinion states that CNH’s “cleverly worded answers” were “technically true depending on one’s view of the terms ‘long-term’ and ‘commitment,’ ” 160 So.3d at 1202, but that the jury apparently “did not share CNH’s interpretation of these terms.” 160 So.3d at 1202 n. 2. The problem I have is that HTI undisputedly understood and “share[dj CNH’s interpretation of these terms.” Campbell knew that responses regarding any “short-term or long-term” commitments “[were not] commitment^] for any specific length of time into the future that CNH was going to be placing firm orders”; he testified that there was “no statement by them that said you can, you can be guaranteed ... orders out in the future for 8 months, 12 months, 16 months”; and although he stated that he believed CNH was staying with HTI in the “short-term,” he acknowledged that there was “no agreement about how long the short-term period would last” and “[n]o one from-CNH committed to staying with HTI for a set period of time.” Campbell was under no false illusion that CNH had no plans to switch suppliers: the responses, as Campbell testified that he understood, were that there was no commitment for a set period. There is much discussion with respect to the fact that CNH had ultimately decided to switch suppliers, but that undisputedly long-term process had no immediate impact on the relationship between CNH and HTI as it existed at the time Campbell asked the questions — a relationship in which HTI knew there would be continuing orders but no commitment or guarantee. Although the fact allegedly suppressed was that the relationship was going to end, HTI knew that the CNH employees were not indicating that the relationship would be permanent. Because HTI knew from CNH’s responses that the relationship was not permanent, I do not see how the jury could reasonably have concluded that HTI was lulled by a suppression of facts to believe the exact opposite.

. Campbell's own testimony was that he did not ask the ‘‘natural” question — whether CNH was. planning to "re-source,” i.e., switch suppliers.